## In re NATIONAL SECURITY LETTER

**Loretta E. Lynch, United States Attorney General, Petitioner**

v.

**Under Seal, Respondent.**

**No. CIV. JKB–15–1180.**

United States District Court, D. Maryland.

Signed Sept. 17, 2015.

---

Steven Y. Bressler, Eric J. Soskin, United States Department of Justice, Washington, DC, for Petitioner.

Jeffrey Landis, Marc J. Zwillinger, Zwillgen PLLC, Washington, DC, for Respondent.

### MEMORANDUM

JAMES K. BREDAR, United States District Judge.

Pending before the Court is United States Attorney General Loretta E. Lynch's petition for judicial review and enforcement of a National Security Letter ("NSL") pursuant to 18 U.S.C. § 3511(c). (Pet., ECF No. 1.) The matter has been thoroughly briefed by the parties (ECF Nos. 6, 11, 12, 15, 16, 19, 20), and no hearing is required, Local Rule 105.6 (D.Md.2014). The petition, as modified herein, will be granted.

[Redacted] the Federal Bureau of Investigation ("FBI") issued an NSL to Respondent Under Seal ("Respondent"). Respondent has not contested that it is a "wire or electronic communication service provider" ("ECSP") within the meaning of 18 U.S.C. § 2709(a), which authorizes the FBI to issue an NSL requiring an ECSP to provide "subscriber information and toll billing records, or electronic communication transactional records in its custody" to the FBI. Respondent concedes it supplied the requested information after it received. the NSL and did not contest it (Resp.'s Opp'n 10.) Further, Respondent abided by the nondisclosure requirement contained in the NSL. (*Id.* 11.) [Redacted] Respondent notified the FBI that it intended to file a petition to set aside the nondisclosure provision of the NSL. (Pet., Ex. 1.) Respondent opined that the non-disclosure provision may no longer be needed. Respondent also invited the Government to initiate a judicial review proceeding in lieu of Respondent's filing a petition. (*Id.*) The Government responded by initiating the instant proceeding.

Just prior to Respondent's filing of its opposition to the petition, the laws governing NSLs were amended via the USA FREEDOM Act of 2015, Pub.L. 114–23, 129 Stat. 268.[1] Accordingly, the Court will conduct its judicial review under the most recent version of the relevant statutes, specifically, sections 2709 and 3511 of Title 18, United States Code.

■ Respondent argues the Government has not met its burden of establishing a justification for a continued nondisclosure requirement. Understandably, Respondent makes this argument in the dark since it is not privy to the classified materials supplied to the Court on an *ex parte* basis, as permitted under § 3511(e). However, after reviewing those materials, the Court makes the following findings:

1. The information sought is relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities. 18 U.S.C. § 2709(b)(1).

2. There is reason to believe that disclosure of the information subject to the nondisclosure requirement during the applicable time period may result in a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person. 18 U.S.C. § 3511(b)(3).

---

1. "USA FREEDOM" is an acronym for Uniting and Strengthening America by Fulfilling Rights and Ensuring Effective Discipline Over Monitoring.

3. The materials in this case must be kept under seal to prevent the unauthorized disclosure of the Government's investigative activities. 18 U.S.C. § 3511(d).

As to the last point, the Court awaits the Government's promised redacted versions of the filings in this case and its promised motion to partially unseal the redacted filings. (Pet.'s Reply 2 n. 2.)

■ The Court further concludes Respondent is not entitled to access to the classified materials that form the basis for the Court's determination. Respondent has presented no authority for that proposition. The statute governing judicial review clearly sets up a mechanism for *ex parte* judicial review of the classified materials. It follows, then, that Congress did not envision allowing recipients of NSLs also to review those materials.

■ Respondent has argued the NSL's nondisclosure requirement infringes upon its constitutional right of free speech. (Resp.'s Opp'n 1.) Assuming without deciding that the statutes as revised implicate First Amendment concerns of free speech, the Court holds the statutory authorization for an NSL to include a nondisclosure requirement and the particular nondisclosure requirement at issue here pass strict scrutiny. The first part of this inquiry is "whether the practice in question furthers an important or substantial governmental interest unrelated to the suppression of expression." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (internal alteration and quotation marks omitted). As the Supreme Court has said, "It is obvious and unarguable that no governmental interest is more compelling than the security of the Nation." *Haig v. Agee*, 453 U.S. 280, 307, 101 S.Ct. 2766, 69 L.Ed.2d 640 (1981). The other part of the constitutional inquiry is "whether the limitation of First Amend-

ment freedoms is no greater than is necessary or essential to the protection of the particular governmental interest involved." *Seattle Times*, 467 U.S. at 32, 104 S.Ct. 2199 (internal alteration and quotation marks omitted). The statute's allowance of a nondisclosure requirement and the scope of the requirement in the NSL in the instant case are necessary, in the Court's judgment, to the protection of national security. The NSL's infinite duration for the nondisclosure requirement is problematic, however.

At present, the nondisclosure requirement in this case has no ending date, and the Court's review of its continued viability falls within an interim period between the effective date of the USA FREEDOM Act of 2015, which directs the Attorney General to "adopt procedures with respect to nondisclosure requirements . . . to require . . . review at appropriate intervals . . . and termination . . . if the facts no longer support nondisclosure," Pub.L. 114–23, title V, § 502(f)(1) (*see* Note foll. 12 U.S.C. § 3414), and the anticipated but unknown date when the Attorney General will have actually promulgated such procedures. In the absence of those governing procedures, the Court will require the Government to review every 180 days the rationale for the nondisclosure requirement's continuation. Once the Attorney General's procedures are in place, then the nondisclosure requirement will be subject to review thereunder, and this Court's mandate of review every 180 days will no longer be in force.

■ One other observation is that the USA FREEDOM Act of 2015 included a new United States Code section, 50 U.S.C. § 1874, that permits public reporting of the receipt of national security process by persons subject to such orders, including NSLs. Prior to this new law's enactment, Deputy Attorney General James M. Cole

in January 2014 issued a letter to several ECSPs and clarified what reports about national security process by ECSPs to the public would be acceptable to the Government Letter, James M. Cole to Colin Stretch et al., Jan. 27, 2014, http://www.justice.gov/iso/opa/resources/3662014 12716018407143.pdf (accessed Sept. 16, 2015). [Redacted] The methods of reporting established in § 1874—with reporting allowed in "bands" of numbers and with restriction on the period of time for which a report may be issued—are a reasonable accommodation of an ECSP's desire for transparency and the Government's compelling interest in national security.

In conclusion, the Government has justified its petition for enforcement of the nondisclosure provision in the NSL directed to Respondent A separate order will issue granting enforcement, as modified herein.

### ORDER

In accordance with the foregoing memorandum, IT IS HEREBY ORDERED:

1. The Government's Petition for Judicial Review and Enforcement of a National Security Letter Pursuant to 18 U.S.C. § 3511(c) (ECF No. 1) IS GRANTED.

2. The nondisclosure requirement in the National Security Letter ("NSL") issued to Respondent IS MODIFIED so that the Government must review the necessity for nondisclosure every 180 days following the date of this order.

3. The Government's duty to conduct the review mandated in Item 2 SHALL EXPIRE upon the Attorney General's promulgation of review procedures pursuant to Pub.L. 114–23, title V, § 502(f)(1) (see Note foll. 12 U.S.C. § 3414). Thereafter, the Attorney General SHALL RE-VIEW the nondisclosure requirement at issue in the instant matter in accordance with the Attorney General's duly promulgated review procedures.

4. Respondent SHALL COMPLY with the nondisclosure requirement of the NSL and SHALL NOT DISCLOSE the fact of receipt of the NSL, the contents of the NSL, or any attachment to the NSL to anyone other than those persons to whom disclosure is necessary in order to comply with the request, an attorney in order to obtain legal advice or assistance regarding the request, or other persons as permitted by the Director of the Federal Bureau of Investigation or the designee of the Director; further, disclosure may only be made to the above-listed individuals pursuant to the conditions specified in 18 U.S.C. § 2709(c)(2).

5. Any failure to obey this order may be punished by the Court as contempt thereof. 18 U.S.C. § 3511(c).

6. The Clerk SHALL ENSURE all counsel of record receive a copy of this order and the accompanying memorandum.

7. The Clerk SHALL CLOSE this case.